■ ERIC CHARLESTON, Appellant, v CITY OF NEW YORK et al., Respondents. [954 NYS2d 34]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered January 13, 2012, awarding plaintiff the principal sum of $44,000 based upon a jury verdict finding plaintiff 60% liable and defendant Sutton Place Restaurant & Bar, Inc. 40% liable, unanimously affirmed, without costs.

The verdict finding plaintiff 60% liable in this action for personal injuries sustained during an altercation with employees at defendant bar and with police officers was based upon a fair interpretation of the evidence (*see e.g. McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]). Two police officers testified that plaintiff was intoxicated at the time of the incident, and that he and another individual tried to push past

defendant bar's security personnel and reenter the bar. Although the jury found defendant bar partially liable, it does not follow that the jury rejected the officers' testimony in its entirety, as the jury was free to accept some parts of their testimony and not others (*see Santos-Lopez v Metropolitan Tr. Auth.*, 85 AD3d 512, 513 [1st Dept 2011]). Nor was the jury obligated to accept plaintiff's version of the events, particularly where portions of his testimony were somewhat contradictory.

Plaintiff's argument that the jury should not have been provided with a charge on comparative negligence in the first instance is unavailing. Comparative negligence is usually a jury question and should only be decided as a matter of law where there is "no valid line of reasoning and permissible inferences" which could lead a rational jury to conclude that the plaintiff was negligent (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 516-517 [1980]; *Johnson v New York City Tr. Auth.*, 88 AD3d 321, 324 [1st Dept 2011]). Here, the evidence, including that of plaintiff's intoxication at the time of the incident, supported the court's decision to provide the comparative negligence charge (*see Kelleher v F.M.E. Auto Leasing Corp.*, 192 AD2d 581, 584 [2d Dept 1993]; *see also Hazel v Nika*, 40 AD3d 430, 431 [1st Dept 2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Richter, JJ.